Good morning, Your Honors. Sung Park on behalf of the appellant, Mr. Defterios. It's been well established in this Court that double jeopardy prohibits an increase in a defendant's sentence when the legitimate expectation of finality is attached to the sentence. CHIEF JUSTICE ROBERTS Let me stop you right there. How could there be a legitimate expectation of finality if defendant knew that the government was appealing the sentence? DEFTERIOS There are several cases that sort of address that issue. However, I believe the difference in those cases and our case is that Mr. Defterios has fully completed serving his sentence. The fact that he had a one-month sentence doesn't change the fact that he knew the government was appealing that sentence. So how could there be any kind of expectation of finality? He might have hoped that he was out for good, but he knew the government was arguing that the sentence should be longer. And indeed, the government was successful in that argument. CHIEF JUSTICE ROBERTS Right. And I could only point this panel to the cases that have discussed a defendant having completed serving the sentence. Those cases did not address whether the case was an appeal or not in discussing whether a legitimate expectation of finality had attached to a defendant who has completely served the sentence. For instance, Mr. — in Redmall's case, this Court clearly stated that the completion of a sentence ordinarily creates such a legitimate expectation of finality. And also in McClain, this Court has stated that. In doing so, the Court has not discussed whether the case was an appeal or not. In Redmall's case — CHIEF JUSTICE ROBERTS If what you gave me was a quotation, just the inclusion of the word ordinarily suggests that there's not an absolute rule that once you're out of jail, you can forget about anything else because you're home free. I mean, it would seem to me that the notion of expectation is difficult to square with the facts of this case. CHIEF JUSTICE ROBERTS Right. If the fact that the case was an appeal is dispositive of this issue, then the cases that discuss whether a defendant has completed a sentence or not is useless. Now, all those cases were an appeal, and the defendants knew, appellants knew that the case was being appealed and the sentence was being challenged. And so if the fact that the case was an appeal is dispositive, then the Court can stop there and does not have to either look at whether the defendant had completed the sentence or not. However, the cases do not do that. And, therefore, we are arguing that that's not dispositive. Ginsburg Well, even if that's right, which I actually have a hard time understanding, but even if so, you don't have any expectation of finality in an illegal sentence, do you? CHIEF JUSTICE ROBERTS That's another issue that needs to be addressed. I'm not so certain that this sentence was illegal. The Ninth Circuit reversed the earlier sentence, stating that the court abused the discretion. The district court improperly thought that it was legally bound to impose such a sentence. However, the Ninth Circuit in that case clearly stated that the reason for the departure would have been warranted if the court exercised its discretion and knew that it was not bound to do it. However, if the district court felt that that reason was sufficient for the departure, then it could have done so. So I'm not so sure if this sentence was voidable or was an illegal sentence per se. The Ninth Circuit remanded so that the district court can resentence Mr. Defterios knowing that, okay, it has a discretion and properly exercised its discretion. So the cases that discuss illegal sentences are distinguishable on that point, Your Honor. In this case, Mr. Defterios served the sentence, and we argue that the legitimate expectation of finality attached at that point in time. If the government did not wish for that to happen, it should have let Mr. Defterios not start serving the sentence while the case was on appeal. Then, since it was a short sentence of one month, he could have not begun serving the sentence and waited until the appellate process was completed. And then if it was remanded for resentencing, then the expectation of finality would not have attached. However, since he has served it and he's out, and by the time the resentencing occurred, he was out already close to three years. And getting back to his normal business and going back to his home and being assimilated into the society again, and he was carrying out his normal life. And all of a sudden, now, three years later, he's being resentenced and he's facing going back to spending more time in prison. We believe that this issue is of first impression in this circuit. I know there are cases that you should be aware of. Roberts. I think the case that you cited for the opposite direction, the Anderson case, is probably on point. I mean, the government cited the Anderson case specifically. The case says, granting the government the right to appeal did not violate the Double Section against multiple punishments and successive prosecutions following an acquittal, the Supreme Court ultimately concluded that since Congress specifically provided for government's appeal of the sentence, the defendant has no legitimate expectation of finality in the original sentence. It's at 1461. However, that panel also stated that, similarly, we conclude that Anderson has no legitimate expectation of finality in the original sentence, where he has placed those sentences in issue by direct appeal and has not completed serving a valid sentence. Well, he hasn't. Your client hasn't either. The point is that the Ninth Circuit's already said that the one-month term wasn't a proper sentence. He's been given a different sentence now and he hasn't served it yet. So I my point is, Your Honor, that Anderson does not address the issue that's before this Court. Anderson simply states that it's an appeal. The person, the defendant, has not completed serving the sentence. Therefore, no legitimate expectation of finality attached. In our case, there was an appeal, but Mr. Defterios completed serving his sentence. So there is that difference. It's distinguishable, Your Honor. Therefore, we believe that double jeopardy prohibits the sentence that was imposed on Mr. Defterios in this case. And also, we would request the Court to address the issue of credit for the time that he was on supervised release. He's still currently on supervised release before he begins serving his sentence. What's he serving a supervised release for, the Palos Verdes fraud or this one? This one, Your Honor. How do we know that? Oh, because the Palos Verdes one terminated already. Well, he's on supervised release or bail. Can't be. He's on supervised release, Your Honor. It can't be. That can't be. That case was a 2000 case, Your Honor. He served a sentence. Here's my point. He got out of custody in 2001 on the Palos Verdes fraud case. So his five-year term of supervised release started to run in February 2001. Presumably did not run during the month that he was in custody on this fraud. Then he got sprung, and presumably it started to run again. So it may well have elapsed. Now, I don't know. I haven't done the math, nor does anybody know, because we don't have that information, nor did the district court. So it may well be that he's only just now beginning to serve his supervised release on the Garden Grove fraud. Actually, the district court had made it run concurrently. When? Where? When? It's clear in the resentencing hearing that the district court states that it's running concurrently and that it's you would be Mr. Defterios' benefit to the Mr. Defterios' benefit for him to let it continue to run, because of the law. But the district court said explicitly, you know, I don't know how this all figures out. Go work with the probation office, and if you folks can't agree, come back in and tell me where we stand. And that was never done. Right. And our position is that the district court should have made some kind of ruling, and at least an order. Without any information in front of it. At least an order giving him credit for the time served, at least, and let the probation department figure it out how much time is due. Okay. Thank you, Mr. Park. Ms. Wang. May it please the Court, Ivy Wang, on behalf of the United States. The defendant here wants this Court to find a double jeopardy violation based on only one factor. That factor being whether the defendant has completed his original term of imprisonment. That position has already been rejected by this Court in United States v. Radmel. In Radmel, this Court held that it did not matter whether a defendant was already on supervised release at the time of resentencing, because the central question was whether, based on the circumstances, defendant had a legitimate expectation of finality in his original sentence. And here, for multiple reasons, Mr. Defterios did not have a legitimate expectation of finality with regards to his one-month sentence. First, the government here timely appealed the one-month sentence. The Supreme Court has held in United States v. DeFrancesco, that a defendant has no expectation of finality in his sentence until the appeal is concluded, or the time to appeal has expired. The double jeopardy clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. All of that, you know, is pretty, pretty hornbook stuff. Mr. Park makes the point that in this case, the one-month sentence had been served, and that makes a difference. Why do you think it doesn't make a difference? Because I think it's not sufficient to just look at whether he has completed the one-month imprisonment term. If that were sufficient, and I believe that this Court has already stated in Rademach that it is not, then it would, in effect, immunize all time served and short-duration sentences. And those are oftentimes the product of the most egregious sentencing errors, the ones that the government is most likely to appeal. If we were to allow those to be immunized, it would basically render powerless Congress's decision to allow the government to appeal certain sentences, to appeal certain sentencing errors. It also really defines, you know, what exactly happened here. There's a lot of talk about whether, you know, his serving the one-month imprisonment term gave him a legitimate expectation of finality, but we know that he didn't have a legitimate expectation of finality. The fact of the matter here is that he was on actual notice that the one-month sentence was not final as soon as the government appealed the sentence. And he had noticed from the contentious sentencing position and the hearings that the government challenged the legality of the one-month sentence, that credited time that he served on the unrelated Palos Verdes case. And further, we also know he had no actual expectation of finality in his one-month sentence because if you look at his supplemental sentencing memorandum filed on June 10th, 2005, he complains that since he had been released from his one-month prison term, he had been unable to buy a car, he has been unable to obtain employment where he can earn a living wage to support himself and his wife, because he may have to go back into custody at any time. I mean, he knew that, you know, that this one-month sentence was not final based on what had already happened in the case. He in actuality had no legitimate expectation of finality. Under the case law, he should not have had a reasonable expectation of finality. And for that reason, we believe that that expectation of finality never crystallized and that there was no double jeopardy violation. Would it have made a difference if he had completed the supervised release portion also, so that the whole sentence was completed? I think that, I'm not sure that question is one that's been reached by the Ninth Circuit. I'm not sure we do need to do that here because that is. I'm not saying we need to decide that. Right. But it would make a difference. I believe probably he would have more, an increased reason for an expectation of finality. If your point hinges on his notice of the notice of appeal. It does, I think you need to look at all, you know, all the different factors and the circumstances. I'm not, I guess, I mean, I think the government would love to take the position that, you know, whether we file an appeal is positive, but we are not, you know, going so far to say that at the moment. We're just saying, looking at all the circumstances, this defendant did not have a legitimate expectation of appeal. All right, excuse me, legitimate expectation of finality. And that it is possible perhaps under other facts, you know, looking at how much of the time he's been served. But, I mean, no, I agree. I mean, probably to preserve, you know, the spirit of DeFrancesco, it would appear to be the case that once the government has filed an appeal, and the time for the appeal has, if the appeal process has not completed, then, until then, the defendant has not reached a legitimate expectation of finality in his sentence. Let me ask about the supervised release. Does the government dispute the proposition that he's entitled to credit for the supervised release time already served? Credit against further supervised release? We do to the extent that the district court imposed a five-year term of supervised release because it believed that that was the time necessary to help defendant transition from his 24-month prison sentence. I mean, the purpose of supervised release is to help rehabilitate the defendant and to help the defendant transition to community. Well, he imposed a five-year supervised release period after a one-month sentence, and I doubt if he really expected that one month in jail would require five years of transition time. So I'm, shall we say, skeptical of the argument that you're suggesting that the five years was calculated specifically to follow 24 months. That doesn't appear to be the case. But I take it to be your position that, yes, the five years should start anew without regard to time that he had previously served on supervised release. Is that the case? Yes, Your Honor. How can that be? I mean, it may well be in this case that there's no sufficient record to decide how much credit, if any, is due. But how can it be that you don't get credit? It's punishment, yes? It is punishment, but that's not the primary purpose of supervised release. I understand, but it is punishment, yes? It is a form of punishment, yes. If that's so, and the Supreme Court and we have both said probation is punishment, and you've got to credit time served on probation against a new term of probation, why wouldn't you have to credit a new term, time served on supervised release against a new term of supervised release? In the abstract. In the abstract. I think it depends. What the government does not believe should necessarily happen is a day-to-day offset because of the... We haven't got there yet. That's mechanics. What I'm trying to understand, if your position is that double jeopardy isn't implicated unless... isn't implicated if there is no credit. I believe in fashioning the overall sentence, if the district court takes into account the total amount of punishment the defendant has already served, and then looking at the 3553A factors, takes those factors into account, takes into account the entire punishment that defendant has already served, and decides that what he now renders is a reasonable sentence in light of those facts, then we believe that that sentence there is sufficient. And the reason I hesitate on the crediting part, because we would be hesitant to back out, say, the entire year and a half or two years he may have served on supervised release, without kind of taking into account, you know, what is the five-year new supervised release term intended to account for, what the ends are there. We need to balance the goals of it, helping him transition. I think the punishment aspect of supervised release is really only a very small aspect of supervised release, but, you know, I think the district court, as long as it takes into account these relevant factors, then I think the end result would just be ordinarily reviewed for reasonableness. All right. Thank you. Thank you.
judges: Fernandez, Rymer, Clifton